**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

**FANNY RAMOS**,

      Plaintiff,

v.

**PRUSSO CORPORATION, a Florida Profit**
**Corporation, DBA OXXO CARE CLEANERS,**
**FRANCA LEON'S INVESTMENT**
**CORPORATION, a Florida Profit Corporation,**
**GEON CORP, a Florida Profit Corporation,**
**JOSE GUILLERMO LEON SR., individually,**
**NANCY YAMILE CASTELLANOS DE LEON,**
**individually, JOSE GUILLERMO LEON JR., individually.**

      Defendants.

_____/

## COMPLAINT

      Plaintiff, FANNY RAMOS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants PRUSSO CORPORATION, a Florida Profit Corporation DBA OXXO CARE CLEANERS  ("PRUSSO"), FRANCA LEON'S INVESTMENT CORPORATION, a Florida Profit Corporation ("FRANCA LEON'S"), GEON CORP, a Florida Profit Corporation ("GEON CORP"), FRANCA PAOLA LEON CASTELLANOS, individually ("CASTELLANOS"), JOSE GUILLERMO LEON SR., individually ("LEON SR."),  and JOSE GUILLERMO LEON JR., individually ("LEON JR."), (collectively "Defendants") and as grounds states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages and other relief based on unlawful employment practices committed by Defendants.  Jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) ("Title VII"), the Florida

Civil Rights Act, Fla. Stat. §§ 760.01-760.11 ("FCRA"), the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. §§ 12101 *et seq*, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2.      Jurisdiction over Plaintiff's claims is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, as well as 29 U.S.C. § 216(b).

3.      The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendants.

4.      Venue is proper for the U.S. District Court for the Southern District of Florida because: (i) Defendants are registered to do business in the State of Florida; (ii) Plaintiff was employed by Defendants therein; (iii) Defendants conducted and continue to conduct business in the Southern District of Florida during all times material hereto; (iv) the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; and (v) Defendants are subject to personal jurisdiction.

## **PARTIES**

5.      Plaintiff is a citizen of the U.S. and resided in the Southern District of Florida during all times pertinent to this complaint.  Plaintiff is over the age of eighteen and is otherwise *sui juris*.

6.      Plaintiff was employed by Defendants as a cleaner from on or about January 2018, through on or about September 30, 2022.

7.      PRUSSO is a Florida Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. PRUSSO  has its principal place of business in Coral Gables, Florida. PRUSSO  had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.     GEON CORP is a Florida Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. GEON CORP has its principal place of business in Coral Gables, Florida. GEON CORP had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9.     FRANCA LEON'S Florida Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. FRANCA LEON'S has its principal place of business in Coral Gables, Florida. FRANCA LEON'S had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida

10.    PRUSSO, GEON CORP, and FRANCA LEON'S ("corporate Defendants") are "employers"  under the FLSA in that Defendants employ individuals such as Plaintiff who engage in commerce, and who handle, operate, and otherwise work on goods and materials that have been moved in or produced for commerce.

11.    Further, Defendants PRUSSO, GEON CORP, and FRANCA LEON'S engage in interstate commerce by purchasing goods and materials from non-Florida sources, and using telephonic transmissions crossing state lines to do business.

12.    Specifically, PRUSSO, GEON CORP, and FRANCA LEON'S operate OXXO CARE CLEANERS a laundromat located at 1540 Venera Avenue Coral Gables FL 33146, where goods transported across interstate lines are regularly used.

13.    Defendants were joint employers of Plaintiff under the FLSA in that Defendants collectively:

      a.   Maintained control and supervision over the work performed by Plaintiff;

    b.   Controlled Plaintiff's rate of compensation and method of payment;

    c.   Possessed the ability to hire, fire, and modify Plaintiff's employment conditions;

    d.   Controlled the payroll for employees such as Plaintiff; and

    e.   Performed specialty functions integral to one another's business activities.

14. Defendants' annual gross revenue derived from interstate commerce exceeds $500,000.00 throughout Plaintiff's employment and/or exceeds $125,000.00 for each fiscal quarter.

15. Defendant CASTELLANOS is the president of, and exercised operational control over the activities of, corporate Defendants PRUSSO, GEON CORP, and FRANCA LEON'S.

16. Defendant CASTELLANOS acted directly in the interest of her companies PRUSSO, GEON CORP, and FRANCA LEON'S. Upon all available information, CASTELLANOS controlled the manner in which Plaintiff performed her work and the pay she was to receive.

17. Defendant LEON Sr. is an officer, and exercised operational control over the activities of, corporate Defendants PRUSSO, GEON CORP, and FRANCA LEON'S.

18. Defendant LEON Sr.  acted directly in the interest of his companies PRUSSO, GEON CORP, and FRANCA LEON'S. Upon all available information, LEON Sr. controlled the manner in which Plaintiff performed her work and the pay she was to receive.

19. Defendant LEON Jr. is an officer, and exercised operational control over the activities of, corporate Defendants PRUSSO, GEON CORP, and FRANCA LEON'S.

20. Defendant LEON Jr.  acted directly in the interest of his companies PRUSSO, GEON CORP, and FRANCA LEON'S. Upon all available information, LEON Jr. controlled the manner in which Plaintiff performed her work and the pay she was to receive.

21. All other conditions precedent to this action have been performed or have been waived.

**<u>GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S OVERTIME CLAIMS</u>**

22. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked an excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

23. Plaintiff worked for Defendants from on or about from on or about January 2018, through on or about September 30, 2022, as a cleaner.

24. As a cleaner, Plaintiff did not have any decision-making authority as she could not hire or fire employees, or otherwise make decisions which impacted the business.

25. During the course of her employment, Plaintiff regularly worked 40-70 hours per workweek.  Plaintiff was to be compensated at $13.00/hour.

26. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C §§ 201-219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

27. A review of the records in Plaintiff's possession reflected that Plaintiff was not compensated at time and one half for her overtime hours. Rather, Plaintiff was compensated at her regular rate for all hours worked.

28. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

29. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## GENERAL ALLEGATIONS RELATED TO ALL OTHER COUNTS

32.     Plaintiff is a member of a class protected under the FCRA, ADA and ADAAA in that she is a person with a disability as defined by those Acts who has been diagnosed with uterine prolapse.

33.     During all times material to the present suit, Corporate Defendants employed at least fifteen individuals for every working day within twenty or more calendar weeks in the current or preceding year in accordance with Title VII (42 U.S.C. § 2000e(b)), the FCRA (Fla. Stat. §760.02(7)), the ADA and ADAAA (42 U.S.C. § 12111(5)(A)).

34.     Plaintiff has exhausted all prerequisite administrative remedies by timely filing charges of discrimination (the "Charges") against PRUSSO, GEON CORP, and INVESTMENT CORPORATION with the Equal Employment Opportunity Commission, which were dually filed with the Florida Commission on Human Relations.

35.     Plaintiff's Charges against PRUSSO, GEON CORP, and FRANCA LEON'S INVESTMENT CORPORATION were filed on or about December 21, 2022. The actions complained of in Plaintiff's Charges occurred within 300 days preceding the Charges' dates of filing.  Therefore, Plaintiff's Charges were timely filed.

36.     The EEOC issued Plaintiff's Notice of Right to Sue PRUSSO, GEON CORP, and FRANCA LEON'S INVESTMENT CORPORATION on September 26, 2023.  The present suit has been filed in accordance with each Notice and within the applicable 90-day time limitation.

37.     The FCHR did not issue any finding as to Plaintiff's Charges within 180 days of their filing.

38.     All other conditions precedent to this action have been performed or have been waived.

39.     On or about June 2022, Plaintiff was diagnosed with a uterine prolapse which required her to undergo surgery. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impaired Plaintiff's ability to, at minimum, lift push and pull. The Defendant was aware of this condition throughout Plaintiff's employment.

40.     On or about June 2022, Plaintiff advised Defendants that she was scheduled for surgery on August 4, 2022, and needed leave until October 2, 2022.  Plaintiff's request for leave was approved.

41.     As a result of the operation, Plaintiff was not able to perform any lifting of more than 5 pounds nor was she able to get up without assistance. She was ordered to rest and not perform any physical activity, including lifting, pulling, pushing for at least 4 weeks.

42.     From the beginning of her leave, Plaintiff kept in touch with her supervisors Guillermo Leon Jr. and Franca Leon keeping them up to date about my condition and recovery.

43.     On August 24, 2022, Plaintiff messaged both Franca Leon and Guillermo Leon Jr. the doctor's paperwork which cleared her to return to work on October 2, 2022. She advised them that she would be ready to return to work on or after that date without limitations pursuant to my doctor's orders.

44.     On or about September 30, 2022, before her leave was over, she was advised by owner Guillermo Leon Sr. that she was no longer needed despite the fact that I was ready and able to return to work on October 2, 2022.

45.     Plaintiff was fully qualified for her position in that Plaintiff was not subject to any disciplinary action throughout her employment with Defendants and was capable of working without limitations as her leave period expired.

46.     Upon information and belief, Defendants' reasons for their disparate treatment of Plaintiff, and termination of Plaintiff's employment are mere pretext for unlawful discrimination.

47.     If, however, the reasons proffered by Defendants for its disparate treatment and/or termination are found to be with merit, Plaintiff's disability was  motivating factor in Defendants' decisions to commit these adverse employment actions.

48.     Plaintiff has retained the undersigned firm to prosecute this action on Plaintiff's behalf and has agreed to pay the firm a reasonable fee for its services.

49.     Plaintiff is entitled to recover reasonable attorneys' fees and costs from Defendants if Plaintiff is the prevailing party in this action.

50. Upon information and belief, Defendants' reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

51.  Defendants retaliated against her for her request for leave .

52. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for accommodation was a motivating factor in the decision for the adverse employment action.

53. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA the ADA, and the ADAAA.

54. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

55. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against PRUSSO

56.     Plaintiff re-alleges and reaffirms paragraphs 1-31 as though set forth in full herein.

57.     This action is brought by Plaintiff to recover from PRUSSO unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq*.  29 U.S.C. § 207 (a)(1) states that "[n]o employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

58.     Throughout Plaintiff's employment with Defendants, PRUSSO has willfully violated the provisions of § 7 of the FLSA (29 U.S.C. § 207) by failing to pay its employees such as Plaintiff at least one and one-half times their regular rate of pay for all hours worked over forty per workweek.

59.     Specifically, Plaintiff regularly worked between forty and seventy hours per week throughout her employment with PRUSSO.  However, PRUSSO typically compensated Plaintiff at her regular rate of pay for each hour that Plaintiff worked, including those hours beyond forty per workweek.

60.     PRUSSO is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  The business activities of PRUSSO involve those to which the Fair Labor Standards Act applies.

61.     Plaintiff was not exempt from the overtime pay requirements of the Act pursuant to any provision thereof.  Plaintiff performed manual labor tasks and did not have decision-making authority with respect to her job duties for Defendants.

62.     PRUSSO has knowingly and willfully failed to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty per week during the three years preceding this lawsuit.

63.     As a result of PRUSSO's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

64.     Plaintiff seeks to recover for unpaid overtime wages accumulated within the three years preceding the filing of this complaint.

65.     As a result of PRUSSO's willful violations of the Act, Plaintiff is entitled to liquidated damages.

66.     Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from PRUSSO.

WHEREFORE, Plaintiff respectfully prays for the following relief against PRUSSO:

    A.  Adjudge and decree that PRUSSO has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty per week, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### VIOLATION OF FLSA/OVERTIME against FRANCA LEON'S

67.     Plaintiff re-alleges and reaffirms paragraphs 1-31 as though set forth in full herein.

68. This action is brought by Plaintiff to recover from FRANCA LEON'S unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq*. 29 U.S.C. § 207 (a)(1) states that "[n]o employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

69. Throughout Plaintiff's employment with Defendants, FRANCA LEON'S has willfully violated the provisions of § 7 of the FLSA (29 U.S.C. § 207) by failing to pay its employees such as Plaintiff at least one and one-half times their regular rate of pay for all hours worked over forty per workweek.

70. Specifically, Plaintiff regularly worked between forty and seventy hours per week throughout her employment with FRANCA LEON'S. However, FRANCA LEON'S typically compensated Plaintiff at her regular rate of pay for each hour that Plaintiff worked, including those hours beyond forty per workweek.

71. FRANCA LEON'S is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). The business activities of FRANCA LEON'S involve those to which the Fair Labor Standards Act applies.

72. Plaintiff was not exempt from the overtime pay requirements of the Act pursuant to any provision thereof. Plaintiff performed manual labor tasks and did not have decision-making authority with respect to her job duties for Defendants.

73.     FRANCA LEON'S  has knowingly and willfully failed to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty per week during the three years preceding this lawsuit.

74.     As a result of FRANCA LEON'S intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

75.     Plaintiff seeks to recover for unpaid overtime wages accumulated within the three years preceding the filing of this complaint.

76.     As a result of FRANCA LEON'S willful violations of the Act, Plaintiff is entitled to liquidated damages.

77.     Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from FRANCA LEON'S.

WHEREFORE, Plaintiff respectfully prays for the following relief against FRANCA LEON'S:

    A.  Adjudge and decree that FRANCA LEON'S has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty per week, with interest;

    C.  Award Plaintiff an equal amount in double damages/liquidated damages;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF FLSA/OVERTIME against GEON CORP**

78.    Plaintiff re-alleges and reaffirms paragraphs 1-31 as though set forth in full herein.

79.    This action is brought by Plaintiff to recover from GEON CORP unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq*.  29 U.S.C. § 207 (a)(1) states that "[n]o employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

80.    Throughout Plaintiff's employment with Defendants, GEON CORP has willfully violated the provisions of § 7 of the FLSA (29 U.S.C. § 207) by failing to pay its employees such as Plaintiff at least one and one-half times their regular rate of pay for all hours worked over forty per workweek.

81.    Specifically, Plaintiff regularly worked between forty and seventy hours per week throughout her employment with GEON CORP.  However, GEON CORP typically compensated Plaintiff at her regular rate of pay for each hour that Plaintiff worked, including those hours beyond forty per workweek.

82.    GEON CORP is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  The business activities of GEON CORP involve those to which the Fair Labor Standards Act applies.

83.    Plaintiff was not exempt from the overtime pay requirements of the Act pursuant to any provision thereof.  Plaintiff performed manual labor tasks and did not have decision-making authority with respect to her job duties for Defendants.

84.     GEON CORP has knowingly and willfully failed to pay Plaintiff at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty per week during the three years preceding this lawsuit.

85.     As a result of GEON CORP's intentional, willful, and unlawful acts, Plaintiff has suffered damages and has incurred costs and reasonable attorneys' fees.

86.     Plaintiff seeks to recover for unpaid overtime wages accumulated within the three years preceding the filing of this complaint.

87.     As a result of GEON CORP's willful violations of the Act, Plaintiff is entitled to liquidated damages.

88.     Plaintiff has retained the undersigned counsel to represent her in this action and, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from GEON CORP.

WHEREFORE, Plaintiff respectfully prays for the following relief against GEON CORP:

A.    Adjudge and decree that GEON CORP has violated the FLSA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty per week, with interest;

C.    Award Plaintiff an equal amount in double damages/liquidated damages;

D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA/OVERTIME against LEON SR.

89. Plaintiff, re-alleges and reaffirms paragraphs 1-31  as if fully set forth herein.

90. At the times mentioned, Defendant LEON SR. was, and is now, a corporate officer of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION.

91. LEON SR. was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that LEON SR. acted directly in the interests of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION in relation to its employees including Plaintiff.

92. Specifically, LEON SR. is a corporate officer of corporate Defendants, and the individual who fired Plaintiff. LEON SR. supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

93.  LEON SR. had operational control of the business and is thus jointly liable for Plaintiff's damages.

94. Defendant LEON SR. willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

95. By reason of the said intentional, willful and unlawful acts of LEON SR., Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

96. As a result of LEON SR. willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant LEON SR.:

    A. Adjudge and decree that LEON SR. has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT V</u>**
**VIOLATION OF FLSA/OVERTIME against LEON JR.**

97. Plaintiff, re-alleges and reaffirms paragraphs 1-31 as if fully set forth herein.

98. At the times mentioned, Defendant LEON JR. was, and is now, a corporate officer of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION.

99. LEON JR. was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that LEON JR. acted directly in the interests of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION in relation to its employees including Plaintiff.

100.   Specifically, LEON JR. is a corporate officer of corporate Defendants, and the individual who hired Plaintiff. LEON JR. supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

101.   LEON JR. had operational control of the business and is thus jointly liable for Plaintiff's damages.

102.   Defendant LEON JR. willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

103.   By reason of the said intentional, willful and unlawful acts of LEON JR., Plaintiff has

suffered damages plus incurring costs and reasonable attorneys' fees.

104. As a result of LEON JR. willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant LEON JR.:

   A. Adjudge and decree that LEON JR. has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT VI</u>
## VIOLATION OF FLSA/OVERTIME against CASTELLANOS

105. Plaintiff, re-alleges and reaffirms paragraphs 1-31 as if fully set forth herein.

106. At the times mentioned, Defendant CASTELLANOS was, and is now, a corporate officer of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION.

107. CASTELLANOS was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that LEON SR. acted directly in the interests of corporate Defendants, PRUSSO, GEON CORP, and INVESTMENT CORPORATION in relation to its employees including Plaintiff.

108. Specifically, CASTELLANOS is a corporate officer of corporate Defendants, and the individual who hired Plaintiff. CASTELLANOS supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times

hereto.

109.    CASTELLANOS had operational control of the business and is thus jointly liable for Plaintiff's damages.

110.    Defendant CASTELLANOS willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

111.    By reason of the said intentional, willful and unlawful acts of CASTELLANOS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

112.    As a result of CASTELLANOS willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant CASTELLANOS:

A.  Adjudge and decree that CASTELLANOS has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
**DISABILITY DISCRIMINATION**
**UNDER THE ADA AND ADAAA AGAINST CORPORATE DEFENDANTS**

113.   Plaintiff incorporates herein the allegations in paragraphs 1-5 and 32-55, inclusive, as though same were fully re-written, and says:

114.   Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

115.   Plaintiff was at all times qualified to perform the essential functions of her job as a cleaner with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

116.   The adverse and disparate treatment to which Plaintiff was subjected by corporate defendants, including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

117.   Corporate Defendants' alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination is pretextual and asserted only to cover up the discriminatory nature of its conduct.

118.   Even if Corporate Defendants could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Corporate Defendants' adverse treatment of Plaintiff.

119.    As a result of the disparate conduct to which Plaintiff was subjected, including her termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

120.    Plaintiff alleges that Corporate Defendants' actions were done with malice, and with disregard for her protected rights under the ADA and the ADAA. Corporate Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, Plaintiff is also entitled to punitive damages from Corporate Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against  Corporate Defendants for:

A.    Actual damages as a result of Defendant's discriminatory actions;

B.    Punitive damages due to Defendant's willful behavior;

C.    Compensatory damages;

D.    Injunctive relief where feasible;

E.    Attorney's fees;

F.    Costs of this action; and

G.    Any other relief this Court deems proper.

## COUNT VIII
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA against CORPORATE DEFENDANTS

121.    Plaintiff incorporates herein the allegations in paragraphs 1-5 and 32-55, inclusive, as though same were fully re-written, and says:

122.    On or about June 2022, Plaintiff was diagnosed with a uterine prolapse which required her to undergo surgery. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impaired Plaintiff's ability to, at minimum, lift push and pull. The Corporate Defendants were aware of this condition throughout Plaintiff's employment.

123.    On or about June 2022, Plaintiff advised Defendants that she was scheduled for surgery on August 4, 2022, and needed leave until October 2, 2022.  Plaintiff's request for leave was approved.

124.    As a result of the operation, Plaintiff was not able to perform any lifting of more than 5 pounds nor was she able to get up without assistance. She was ordered to rest and not perform any physical activity, including lifting, pulling, pushing for at least 4 weeks.

125.    From the beginning of her leave, Plaintiff kept in touch with her supervisors Guillermo Leon Jr. and Franca Leon keeping them up to date about my condition and recovery.

126.    On August 24, 2022, Plaintiff messaged both Franca Leon and Guillermo Leon Jr. the doctor's paperwork which cleared her to return to work on October 2, 2022. She advised them that she would be ready to return to work on or after that date without limitations pursuant to my doctor's orders.

127.    On or about September 30, 2022, before her leave was over, she was advised by owner Guillermo Leon Sr. that she was no longer needed despite the fact that I was ready and able to return to work on October 2, 2022.

128.    Plaintiff requested a reasonable accommodation pursuant to her doctor's note. This request was reasonable and would not have caused Corporate Defendants undue hardship.

129.    Corporate Defendants failed to accommodate Plaintiff in that before her leave was over, Plaintiff was replaced and terminated from her employment.

130.     As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

131.     Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of unlawful conduct.

WHEREFORE, Plaintiff requests judgment against Corporate Defendants as follows:

    A.     Actual damages as a result of Defendant's discriminatory actions;

    B.     Punitive damages due to Defendant's willful behavior;

    C.     Compensatory damages;

    D.     Injunctive relief where feasible;

    E.     Attorney's fees;

    F.     Costs of this action; and

    G.     Any other relief this Court deems proper.

### COUNT IX
### VIOLATION OF THE ADA AND ADAAA against Corporate Defendants (RETALIATION)

132.     Plaintiff incorporates herein the allegations in paragraphs 1-5 and 32-55, inclusive, as though same were fully re-written, and says:

133.     On or about June 2022, Plaintiff was diagnosed with a uterine prolapse which required her to undergo surgery. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impaired Plaintiff's ability to, at minimum, lift push and pull. The Corporate Defendants were aware of this condition throughout Plaintiff's employment.

134.     On or about June 2022, Plaintiff advised Defendants that she was scheduled for surgery on August 4, 2022, and needed leave until October 2, 2022.   Plaintiff's request for leave was approved.

135.    As a result of the operation, Plaintiff was not able to perform any lifting of more than 5 pounds nor was she able to get up without assistance. She was ordered to rest and not perform any physical activity, including lifting, pulling, pushing for at least 4 weeks.

136.    From the beginning of her leave, Plaintiff kept in touch with her supervisors Guillermo Leon Jr. and Franca Leon keeping them up to date about my condition and recovery.

137.    On August 24, 2022, Plaintiff messaged both Franca Leon and Guillermo Leon Jr. the doctor's paperwork which cleared her to return to work on October 2, 2022. She advised them that she would be ready to return to work on or after that date without limitations pursuant to my doctor's orders.

138.    On or about September 30, 2022, before her leave was over, she was advised by owner Guillermo Leon Sr. that she was no longer needed despite the fact that I was ready and able to return to work on October 2, 2022.

139.    ignored Plaintiff's request for accommodation and failed to engage in the interactive process as required by law.

140.    Plaintiff, based on information and belief, alleges that corporate Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Corporate defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of their employees. Therefore, Plaintiff is also entitled to punitive damages from Corporate Defendants in a sum according to proof at trial.

141.    Corporate Defendants' stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests judgment against Corporate Defendants as follows:

A.    The Court grant Plaintiff judgment award Plaintiff judgment against Corporate Defendants to compensate her for past and future pecuniary losses, including injury to

her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B.     The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.     The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT X**
**HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA**
**against CORPORATE DEFENDANTS**

142.   Plaintiff incorporates herein the allegations in paragraphs 1-5 and 32-55, inclusive, as though same were fully re-written, and says:

143.   Section 760.10 of the FCRA states in relevant part:

> (1)   it   is   unlawful   employment   practice   for   an   employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

144.   The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

145.   Specifically, Plaintiff alleges that Corporate Defendants wrongfully denied her reasonable requests for an accommodation to her disability and terminated her.

146.   The adverse and disparate treatment to which Plaintiff was subjected by Corporate Defendants, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

147.   Corporate Defendants' alleged bases for their adverse treatment of Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

148.   Even if Corporate Defendants could assert legitimate reasons for their adverse and disparate treatment of Plaintiff, which reasons they do not have, Plaintiff's actual handicap(s)/disability and/or requests for accommodation were also motivating factors for Corporate Defendants' adverse treatment of Plaintiff.

149.   As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

150.   Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Corporate Defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Corporate Defendants as follows:

A.   Adjudge and decree that  Corporate Defendants have violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.   Enter a judgment requiring that  Corporate Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against  Corporate Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require  Corporate Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT XI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### against CORPORATE DEFENDANTS
### (RETALIATION)

151.   Plaintiff incorporates herein the allegations in paragraphs 1-5 and 32-55  inclusive, as though same were fully re-written, and says:

152.   Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq*. for Corporate Defendants' retaliatory conduct.

153.   On or about June 2022, Plaintiff was diagnosed with a uterine prolapse which required her to undergo surgery. This condition is a disability under the ADA, the ADAAA, and the FCRA

in that it substantially impaired Plaintiff's ability to, at minimum, lift push and pull. The Corporate Defendants was aware of this condition throughout Plaintiff's employment.

154.    On or about June 2022, Plaintiff advised Corporate Defendants that she was scheduled for surgery on August 4, 2022, and needed leave until October 2, 2022.  Plaintiff's request for leave was approved.

155.    As a result of the operation, Plaintiff was not able to perform any lifting of more than 5 pounds nor was she able to get up without assistance. She was ordered to rest and not perform any physical activity, including lifting, pulling, pushing for at least 4 weeks.

156.    From the beginning of her leave, Plaintiff kept in touch with her supervisors Guillermo Leon Jr. and Franca Leon keeping them up to date about my condition and recovery.

157.    On August 24, 2022, Plaintiff messaged both Franca Leon and Guillermo Leon Jr. the doctor's paperwork which cleared her to return to work on October 2, 2022. She advised them that she would be ready to return to work on or after that date without limitations pursuant to my doctor's orders.

158.    On or about September 30, 2022, before her leave was over, she was advised by owner Guillermo Leon Sr. that she was no longer needed despite the fact that I was ready and able to return to work on October 2, 2022.

159.    As a direct result of Plaintiff's requests,  Corporate Defendants terminated Plaintiff without valid cause after her complaint.

160.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

161.    The conduct of Corporate Defendants, by and through the conduct of their agents, employees, and/or representatives, and the Corporate Defendants' failure to make prompt

remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

162.    Plaintiff alleges that Corporate Defendants' actions were done with malice, and with disregard for her protected rights under FCRA. Corporate Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of their employees. Therefore, Plaintiff is also entitled to punitive damages from  Corporate Defendants in a sum according to proof at trial.

163.    Corporate Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

164.    If, however, the reason(s) proffered by Corporate Defendants are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

165.    Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against  Corporate Defendants as follows:

    A.  The Court grant Plaintiff judgment award Plaintiff judgment against  Corporate Defendants to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

    B.  The Court award punitive damages as permitted under the law;

C.   Require  Corporate Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.   The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.   Any other relief this Court deems proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff FANNY RAMOS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: <u>December 25, 2023</u>                         Respectfully submitted,

*/s/Nathaly Saavedra*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Florida Bar No. 115784
Email: juan@peregonza.com
P. Brooks LaRou, Esq.
Florida Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*